**PEOPLE OF the TERRITORY OF GUAM, Plaintiff–Appellee,**

v.

**Francis A.C. CRUZ, Defendant–Appellant.**

No. 94–10548.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 1995.*

Decided Nov. 22, 1995.

Lawrence J. Teker, Agana, Guam, for defendant-appellant.

J. Andrew Artero–Boname, Assistant Attorney General, Agana, Guam, for plaintiff-appellee.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34–4.

Before: HUG, THOMPSON, and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We are called upon to decide whether late-produced discovery and a prosecutor's comment in closing argument tainted a criminal trial.

I

On July 16, 1988, while driving his car, Cruz witnessed his former girlfriend and a male individual riding on a motorcycle. He gave chase, caught up to the motorcycle, and overran it. With his former girlfriend pinned underneath his car, Cruz crawled under the car and shot and killed her. He also wounded her male companion.

Cruz was indicted under Guam law for murder as a first degree felony, aggravated assault as second degree felony, and two counts of possession and use of a deadly weapon in the commission of a felony. He relied on the defense of not guilty by reason of mental illness, disease or defect. A Superior Court of Guam jury convicted him on all counts, and he appealed to the Appellate Division of the United States District Court for the District of Guam. That court affirmed the conviction, *People of the Territory of Guam v. Francis A.C. Cruz*, 1994 W.L. 550110 (D.Guam Oct. 4, 1994), and he now appeals to this court.

II

A

■ Cruz first argues that the trial court erred when, upon learning that the prosecution had inadvertently failed to turn over all required discovery to him, it ordered a four-day continuance rather than a mistrial. We are not persuaded.[1]

During the trial, it was discovered that the prosecution had not turned over to Cruz complete copies of a particular police report, as required by Guam's discovery statute and the court's routine pretrial discovery order. The discovery violation occurred because of a procedural mix-up between the Guam Police Department and Guam's Attorney General's Office; Cruz does not claim that prosecutors intentionally failed to disclose the materials.

Upon learning of the oversight, the trial court continued the trial for four days to allow Cruz time to review the new materials. In addition, the court allowed the defense to recall government witnesses and to call individuals not previously on the defense's witness list. Moreover, the prosecution warranted to the court that it would not, and it did not, use any of the materials contained in the police report. In these circumstances, the court did not abuse its discretion.

■ Moreover, even if the court had abused its discretion, Cruz has not shown that that abuse resulted "in prejudice to [his] substantial rights." His sole argument on this point is that:

Had the defense been given a chance to review all the material at the same time instead of by piecemeal ... it *might* have taken a completely different approach to the witnesses and in preparing for the defense.... [The defendant] was placed at a severe disadvantage because the

---

1. Although the trial court's interpretation of discovery statutes or rules is reviewed de novo, *United States v. Gonzalez–Rincon*, 36 F.3d 859, 865 (9th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1323, 131 L.Ed.2d 203 (1995) (discussing Fed.R.Crim.P. 16), its discovery rulings are reviewed for abuse of discretion. *Id.* In order to prevail, Cruz must show not only that the court abused its discretion, but also that the abuse resulted "in prejudice to [his] substantial rights." *United States v. Michaels*, 796 F.2d 1112, 1115 (9th Cir.1986), *cert. denied*, 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987) (citation omitted).

whole defense strategy *might* have been different.

Appellant's brief at 6–7 (emphasis added).

This argument, which is entirely speculative, is insufficient as a matter of law to show prejudice to Cruz's substantial rights. Even now, after having reviewed the relevant police report, counsel is apparently unable to state either that he *would* have amended his trial strategy, or that the different trial strategy he would have adopted would have significantly affected the defendant's chances of obtaining an acquittal. In sum, as the district court noted, Cruz has not articulated (a) how his nonreceipt of the materials placed him at a "severe disadvantage," (b) how the omission affected the presentation of his defense, (c) which of his "substantial rights" were prejudiced, nor (d) how those rights were prejudiced.

Cruz cites to *United States v. McElroy*, 697 F.2d 459, 465 (2d Cir.1982) in support of the proposition that his conviction must be reversed. However, *McElroy* is distinguishable, because in that case the discovery violation clearly caused specific prejudice to the defendant. In particular, the violation left defendant's counsel without access to information which would have provided a basis for a motion to suppress crucial evidence. In addition, unlike the present case, the prosecution in *McElroy* may have affirmatively

misled the defense in order to obtain an advantage at trial. The case is not on point.

The citation of *United States v. Kelly*, 420 F.2d 26, 29 (2d Cir.1969) is also unavailing. There, the defense was confronted at trial with new scientific test results which would have taken "some three weeks" to replicate in any independent test conducted by the defense. After the defense's motion for a month's continuance so that its own test could be conducted was denied, the court of appeals reversed on the grounds that the inability to conduct its own test severely prejudiced the defense. The case is thus also distinguishable.

There was no abuse of discretion in the trial court's decision to grant the defense a four-day continuance, rather than a mistrial, after it learned of the missing discovery materials.

### B

■ Cruz also argues that the district court committed plain error by allowing the prosecutor, during closing argument, to use Cruz's post-*Miranda* warnings silence as evidence of his sanity.[2] Specifically, Cruz contends that the prosecutor's comments violated the principles outlined in *Wainwright v. Greenfield*, 474 U.S. 284, 106 S.Ct. 634, 88 L.Ed.2d 623 (1986)[3] when he stated in closing argument:

> And when Mr.—Officer Cruz came in and told you that he discussed this with the defendant and told him what his rights

---

**2.** The district court correctly noted that a prosecutor's remarks in closing argument are reviewed for plain error in the absence of an objection by defense counsel. *United States v. Young*, 470 U.S. 1, 14–16, 105 S.Ct. 1038, 1045–47, 84 L.Ed.2d 1 (1985); *People of Territory of Guam v. Quichocho*, 973 F.2d 723, 726 (9th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1014, 122 L.Ed.2d 162 (1993); Fed.R.Crim.P. 52(b); 8 G.C.A. § 130.50(b). The court also correctly noted that in order for Cruz to prevail, he must show (1) that an "error" occurred, (2) that the error was "plain," "clear" or "obvious," and (3) that the error affected a "substantial right." *United States v. Olano*, 507 U.S. 725, ——, 113 S.Ct. 1770, 1776–78, 123 L.Ed.2d 508 (1993).

However, the court failed to clarify that in order to satisfy this third prong, Cruz must also show that the error was "prejudicial," in the sense that it "affected the outcome of the proceedings." *Id.* at ——, 113 S.Ct. at 1778. In addition, the court did not clarify that an appellate court's discretionary authority to correct an error should *only* be exercised if the error is one

which "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at ——, 113 S.Ct. at 1779 (citing *United States v. Atkinson*, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555 (1936)); *see also United States v. Gaudin*, —— U.S. ——, ——, 115 S.Ct. 2310, 2321, 132 L.Ed.2d 444 (1995) (Rehnquist, C.J., concurring) ("A Court of Appeals ... *should not* exercise that discretion unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'") (emphasis added).

**3.** In *Wainwright*, the Supreme Court held that a prosecutor's explicit use of a defendant's post-arrest, post-*Miranda* warnings silence as evidence of his sanity violated the Fourteenth Amendment's Due Process Clause. The Court's ruling was an extension of *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) (defendant's due process rights violated when prosecutor uses defendant's post-*Miranda* silence as evidence of guilt).

were, the defendant was well able to behave in a way that was consistent with his own best interest.

Excerpt of Record Number 7, R.T. Vol. XII, p. 32–33.

█ In order to prove that this statement amounted to "plain error," Cruz must first prove not only that an error occurred, but also that the error was "clear," "plain" or "obvious." Given the ambiguity in the prosecutor's comment, as an initial matter we cannot say that it "clearly" violated *Wainwright.* Perhaps most importantly, unlike the situation in such cases as *Wainwright* and *Doyle,* there is no specific reference at all to Cruz's "silence." Instead, there is merely a vague reference to his "behav[ior]." The comment may well have been intended to refer merely to the fact that, for example, Cruz chose not to resist arrest or to attempt flight after being apprehended. To argue that a defendant is sane because his *behavior* appeared rational does not necessarily suggest that the defendant is sane because his post-*Miranda silence* indicated that he understood and appreciated his constitutional rights. There is nothing explicit in the statement which shows that the latter argument was in fact made here. As such, we are not persuaded that a "clear" and "obvious" error occurred.

Moreover, even if such an error did occur, Cruz has not met his burden of showing that the error affected his "substantial rights," or that the error was "prejudicial" and "affected the outcome of the proceedings." *Olano,* 507 U.S. at ——, 113 S.Ct. at 1776–78. As noted by the appellate division of the district court:

> The prosecutor's passing, somewhat vague reference to appellant's conduct after he had received his *Miranda* warning is one sentence in a closing argument that takes up 28 pages of transcript. Weighed against this remark was evidence that appellant had purchased a gun, the testimony of four witnesses that appellant had previously threatened to kill his former girlfriend (one of whom testified that he had made the threat the day before he actually

killed her), and extensive testimony about his behavior at the crime scene.

*Cruz,* 1994 W.L. 550110 at *2.

We agree with such analysis. In light of the substantial, independent evidence of guilt, Cruz has failed to show that the prosecutor's brief, ambiguous and solitary reference to post-arrest "behavior" affected his substantial rights or affected the outcome of the trial.[4]

As a final matter, even if *Olano*'s three-pronged test were satisfied in this case, we would be reluctant to exercise our discretionary authority to reverse the district court, because, as *Olano* noted, that authority should only be invoked when the error is one which "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at ——, 113 S.Ct. at 1779 (citations omitted). We do not find that standard met on the facts of this case.

AFFIRMED.

---

4. See also then-Associate Justice Rehnquist's concurring opinion in *Wainwright:*

> [I]n evaluating whether or not this minute extract from the prosecutor's closing argument can be deemed harmless, ... I think an important factor ... was that the testimony on which the summation was based had already come in without objection. It was there for the jury to consider on its own regardless of whether the prosecutor ever mentioned it. This fact, together with the brevity of the prosecutor's improper comment, at least suggests that the error was harmless beyond a reasonable doubt. *Wainwright,* 474 U.S. at 301, 106 S.Ct. at 643–44 (Rehnquist, J.) (citations omitted). This observation is equally applicable here.