114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Joseph SAKURA, aka Agato Sakura, aka Joe Agato Sakura,
Defendant-Appellant.
 No. 96-10130.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1997.*
Decided May 23, 1997.
 
 Before: HUG, Chief Judge, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Sakura did not object to the instructions given at trial. Reversal is therefore permissible only for plain error affecting substantial rights. Fed.R.Crim.P. 52(b). As the Appellate Division noted, an instruction to which defendant did not object at trial may be reviewed if: (1) an error occurred; (2) the error is plain or obvious; (3) the error effects substantial rights. People of Territory of Guam v. Cruz, 70 F.3d 1090, 1092 n. 2 (9th Cir.1995), citing United States v. Olano, 113 S.Ct. 1770, 1777-78 (1993).
 
 
 3
 We assume without deciding that the challenged instructions were erroneous. Sakura has the burden of showing prejudice. See Cruz, 70 F.3d at 1092 n. 2 (citing Olano, 113 S.Ct. at 1778). We agree with the Appellate Division: Sakura has not demonstrated prejudice. Under United States v. Jackson, 726 F.2d 1466, 1469 (9th Cir.1984), either the "any" or "and" formulation of the instruction is acceptable. The instructions were not clear on whether the jury could consider manslaughter only if all the jurors agreed Sakura was not proved guilty of murder, or if any of them thought he was not proved guilty of murder. But the lack of clarity on this point did not matter, because all the jurors agreed that he was proved guilty beyond a reasonable doubt of murder. The case at bar is not like United States v. Warren, 984 F.2d 325 (9th Cir.1993), because in that case the defendant elected to have the "any" form used, and objected when the judge gave the jury an answer to a question which had the effect of depriving the defendant of his election to use "any." In this case, the defendant did not make an election.
 
 
 4
 No structural error is shown.
 
 
 5
 The record is sufficient so that we can consider Sakura's ineffective assistance of counsel claim. The Appellate Division's excellent analysis of this issue is entirely correct. The challenges appellant makes are to common tactical decisions. In many cases, defense counsel does not make an opening statement, in order not to commit himself to a theory not likely to work out, and to leave himself free to take advantage of weaknesses which may develop in the prosecution's case. The defense presented a forceful argument for the theory that the decedent brought about his own death and that the defendant was morally justified. The argument on appeal, that doubt could have been raised based on the number of knives, etc., faced the problem of defendant's own admission that the knife had been in his hand when the decedent ran into it. The prosecution had a sword hanging over Sakura: his detailed admissions that he had in fact stabbed the victim.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Alfred T. Goodwin, United States Circuit Judge, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3