**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Laron Kevin KORTGAARD,**
**Defendant—Appellant.**

No. 03–10421.

D.C. No. CR–02–00099–ACK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Jan. 11, 2005.

---

* Hon. Louis H. Pollak, Senior U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

Michael K. Kawahara, Esq., Honolulu, HI, for Plaintiff-Appellee.

David F. Klein, Esq., Honolulu, HI, for Defendant-Appellant.

Before BRUNETTI, GRABER, and BYBEE, Circuit Judges.

#### MEMORANDUM *

Laron Kevin Kortgaard appeals his conviction and sentence after a jury trial for manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). We affirm his conviction and, in an order filed this date, defer submission of the sentencing issues.

■ First, the district court did not err in denying Kortgaard's mistrial and new trial motions based on an alleged violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Because Kortgaard was not prejudiced, there is no *Brady* violation in the prosecution's failure to produce the sensor logs until late in the trial. The various remedial measures granted by the district court provided Kortgaard with an adequate opportunity to consider and address the evidence and benefitted him in various other ways

that would not have been available during a retrial. *See United States v. Howell,* 231 F.3d 615, 627 (9th Cir.2000); *Territory of Guam v. Cruz,* 70 F.3d 1090, 1091 (9th Cir.1995). Additionally, Kortgaard has failed to demonstrate how his strategy would have changed if he had had more time to consider the evidence. *Id.* at 1091–92.

■ Second, the district court did not err in denying Kortgaard's motion for judgment of acquittal. We find the evidence sufficient to sustain the conviction. Kortgaard admits visiting the marijuana patches on numerous occasions, and a reasonable jury could find that distinctive markings on certain water bottles and planting trays found initially at the patches and later in Kortgaard's possession established a direct link between Kortgaard and the actual cultivation operation. Additional circumstantial evidence further supports the conviction.

■ Third, the district court did not err in denying Kortgaard's motion for a new trial based on the fact that the jurors briefly had in their possession paper copies of an erroneous instruction. There is no reasonable possibility that the jury's verdict could have been affected by the erroneous instruction because it was never read to or by the jury, as confirmed by the district judge's voir dire. *United States v. Galindo,* 913 F.2d 777, 778–79 (9th Cir. 1990).

CONVICTION AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.